**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WILLIAM STACY TIMMONS**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 3:16CV970-HTW-LRA**

**DEPUTY WARDEN WENDELL BANKS, et al**                        **DEFENDANTS**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

The Court set this case for an omnibus hearing on February 15, 2018. On January 8, 2018, an Order Setting Omnibus Hearing [23] was entered, scheduling this case for a *Spears* or omnibus hearing on February 15, 2018.

Plaintiff William Stacy Timmons failed to appear at the February 15th hearing before the undersigned Magistrate Judge. Defense counsel Tommy D. Goodwin, representing all Defendants, appeared at the omnibus hearing and waited for Plaintiff to appear. Defendants made an *ore tenus* motion to dismiss the Complaint after Plaintiff did not appear. Plaintiff did not attend the hearing, nor did he contact the Court to request a continuance or explain a conflict with the setting. He was notified of this hearing at the mailing address that he provided to the Court on June 12, 2017, being 109 Willow Creek Road, Saltillo, Mississippi 38866. The Order setting the hearing was mailed to that address and has not been returned by the United States Postal Service. The Court must presume that Plaintiff received the notice but chose not to attend.

Plaintiff filed this case, and it was his responsibility to prosecute his claims. He was advised of that responsibility by the Court in Orders [5, 14] filed on March 30, 2017, and on May 23, 2017, and was warned that his "[f]ailure to advise the Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case." [10, p. 2]. His failure to attend the scheduled hearing, or to contact the Court after his release, has caused Defendants to incur unnecessary attorneys' fees and costs.

Plaintiff has failed to abide by the orders of this Court due to his failure to attend the hearing. He must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute---even incarcerated litigants must inform the court of address changes). If Plaintiff has changed his address,

and did not receive the notice of the hearing at the address he provided the Clerk, then his failure to advise the Court of that change prevents the Court from moving this case forward.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice. Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of February 2018.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE